# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

**WENDELL TERRY LOCKE,**

      **Plaintiff,**

**vs.**                                       **Case No. 4:22cv116-AW-MAF**

**CHIEF JUSTICE CHARLES CANADY,**
**JUSTICE RICKY POLSTON,**
**JUSTICE JORGE LABARGA,**
**JUSTICE ALAN LAWSON,**
**JUSTICE CARLOS G. MUÑIZ,**
**JUSTICE JOHN D. COURIEL,**
**JUSTICE JAMIE R. GROSSHANS,**
**and CLERK JOHN A. TOMASINO,**

      **Defendants.**

_____/

## REPORT AND RECOMMENDATION

      Defendants filed a motion to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6).  ECF No. 32.  Defendants contend Plaintiff's complaint is "nothing more than a collateral attack on" the Order from the Florida Supreme Court[1] which imposed discipline on Plaintiff for attorney misconduct.  *Id.* at 2.  Defendants further argue that the Rooker-Feldman

---

[1] On March 1, 2022, the Supreme Court of Florida suspended Plaintiff from the practice of law for one year and imposed costs.  ECF No. 1-8.

doctrine bars this case, that Defendants are protected by Eleventh Amendment immunity, and the <u>Ex Parte Young</u> exception is inapplicable. *Id. at 2-3.* Finally, Defendants assert their entitlement to absolute immunity. *Id.* at 3.

Plaintiff, who is proceeding pro se in this civil rights action filed pursuant to 42 U.S.C. § 1983, has filed a response in opposition. ECF No. 33. Plaintiff contends the *Rooker-Feldman* doctrine does not apply "because the state court proceeding had <u>not</u> ended when Locke filed his Complaint . . . ." *Id.* at 2. Plaintiff also argues that Eleventh Amendment immunity is not applicable because he seeks prospective injunctive relief from the Defendants in their official capacities. *Id.* at 4-5. Further, he maintains that judicial immunity is inapplicable *Id.* at 7-10. Finally, even though Defendants did not raise the *Younger* abstention doctrine, Plaintiff asserts that his case falls within the exception because the state proceedings were "brought in retaliation" to his exercising his First Amendment rights. *Id.* at 10-14. The motion is ready for a ruling.[2]

---

[2] Notably, Defendants filed a motion requesting leave to file a reply memorandum to Plaintiff's response. ECF No. 34. The motion was denied. ECF No. 37.

**Allegations of the Complaint**

Plaintiff presents an eight count complaint pursuant to 42 U.S.C. § 1983 against the seven Justices[3] of the Florida Supreme Court and its Clerk. ECF No. 1. In general, Plaintiff requests that this Court declare a March 1, 2022, Order from the Florida Supreme Court to be "null and void," and to enjoin the Defendants from enforcing the Order which suspended Plaintiff from practicing law for one year and imposed other sanctions and costs. See ECF No. 1-8. More specifically, Count I is asserted as a substantive due process claim under 42 U.S.C. § 1983 for the "denial of access to fair and impartial tribunal. ECF No. 1 at 35. Plaintiff's requested relief is "an emergency and immediate injunction" which will declare the March 1, 2022, Order of the Florida Supreme Court to be "null and void" and correspondingly enjoin the enforcement of sanctions including "suspension and taxing of costs." *Id.* Count II is duplicative of Count I.[4] *Id.*

---

[3] There have been two changes to the Florida Supreme Court since Plaintiff filed this case. First, Justice Muñiz has become Chief Justice and, second, Justice Lawson is no longer on the Court. The complaint is brought against the Defendants "collectively acting in their official capacity to form the Supreme Court of Florida." ECF No. 1 at 1. Plaintiff's response to the motion to dismiss also makes clear the Defendants are sued in their official capacities. *See also* ECF No. 33 at 4-5. Therefore, Justice Renatha Francis is automatically substituted as a Defendant pursuant to Rule 25(d).

[4] The distinction between counts is Plaintiff's contention that Counts I, III, V, and VII are brought pursuant to the jurisdictional statute 28 U.S.C. § 1331. ECF No. 1 at 4.

at 36.  Count III is a substantive due process claim for the "denial of right
and ability to" self defense.  *Id.* at 37.  The request for relief is the same.
*Id.*  Count IV is duplicative of Count III.  *Id.* at 38.  Count V is a substantive
due process claim for the denial of equal protection, requesting the same
relief.  *Id.* at 39.  Count VI is duplicative of Count V.  *Id.* at 40. Count VII is a
First Amendment claim of retaliation, also brought pursuant to 42 U.S.C. §
1983, and Count VIII is duplicative of Count VII.  *Id.* at 41-43.

This case arises from the state court case number DSC-19-1913,
brought against Plaintiff by The Florida Bar.  ECF No. 1 at 1.  Plaintiff
alleged that The Florida Bar ("TFB") initiated an investigation at the urging
of the United States of America in early 2018.  *Id.* at 4-5.  The United
States' actions stemmed from a federal civil rights case, although Plaintiff
contends his law firm has "no connection to the underlying civil rights
case."  *Id.* at at 5, 7.  Plaintiff alleged that only the "two Black attorneys"
were investigated and the "United States of America did <u>not</u> ask TFB to
investigate the conduct of the Caucasian attorneys in that same case . . . ."

---

Plaintiff contends that Counts II, IV, VI, and VIII are brought pursuant to the jurisdictional
statute 28 U.S.C. § 1343.  *Id.*  This redundancy is not necessary since all counts are
premised on 42 U.S.C. § 1983.

*Id.* at 5.[5]  Additionally, at approximately the same time the investigation began, Plaintiff was making inquiries about the reassignment of the civil rights case to United States District Judge Carlos E. Mendoza.  *Id.* at 6-9. He also was inquiring as to "why he was being investigated by the [Bar's] grievance committee in the 13th Judicial Circuit in Hillsborough County" instead of the "17th Judicial Circuit in Broward County where he lives and his law practice was located."  *Id.* at 9.  Unsatisfied with responses, Plaintiff filed a petition for mandamus in the United States Eleventh Circuit Court of Appeals, as well as complaints of judicial misconduct against two judges from the Middle District of Florida, and a case against the clerk from the Middle District.  *Id.* at 10-11.  All were dismissed.  *Id.* at 11-13.

TFB's formal complaint was filed against Plaintiff in the Florida Supreme Court on November 12, 2019.  ECF No. 1 at 14.  The following month, that Court granted Plaintiff's motion to transfer the Bar's disciplinary

---

[5] That allegation is far from clear.  Plaintiff claims multiple times that his law form had "no connection to the underlying civil rights case."  *See*, *e.g.*, ECF No. 1 at 8. However, he simultaneously alleges that the United States "directed TFB to investigate the conduct of the Black attorneys in the civil rights case . . . ."  *Id.* at 20; *see also Id.* at 14.  By asserting that he "was not the lead attorney for the plaintiff in the underlying civil rights case," *id.* at 23, n.22, Plaintiff was, apparently, involved.  *See also Id.* at 24, n.25. If Plaintiff was involved as counsel, then his law firm had a connection to the case and the allegations of the complaint are contradictory.

action to Broward County.  *Id.* at 15-16.  Plaintiff appears to contend that the disciplinary proceedings were brought against him merely because he was sending "letters."  ECF No. 1 at 27.[6]  The Bar Referee found Plaintiff "guilty of violating all purported rules proffered by TFB" and recommended a 90-day suspension.  *Id.*  Both Plaintiff and TFB sought review of the Report of Referee.  *Id.* at 29.  On March 1, 2022, the Florida Supreme Court adopted the Report and Recommendation of the Referee as to Plaintiff's guilt, "but increased the sanction period from a 90-day suspension to a one-year suspension beginning on March 31, 2022."  *Id.* at 32; *see also* ECF No. 1-8.  On March 16, 2022, Plaintiff "timely moved for rehearing and for clarification of the March 1, 2022, Order, thereby making said Order not final at the time this Complaint was filed."  *Id.* at 34.  This lawsuit was filed on March 16, 2022.

Plaintiff alleges that because of the "conduct of the Justices of the Supreme Court of Florida, the Clerk and TFB, which is an arm of the Supreme Court of Florida, Locke will experience irreparable injury that is

---

[6] He points to a statement made in the final hearing by a witness: "And if someone would have been around to advise Mr. Locke to stop sending hyperbolic letters, we might not be here today, but that's not how it turned out."  ECF No. 1 at 27. Plaintiff never identifies the basis for the Bar's complaint or the rule violations charged.

both great and immediate."  ECF No. 1 at 33.  "Further, because of the

foregoing conduct of the Justices of the Supreme Court of Florida, the

Clerk and TFB, which is an arm of the Supreme Court of Florida, Locke has

shown bad faith, harassment and other unusual circumstances that calls

for equitable relief."  *Id.* at 34.  As noted above, Plaintiff's request for relief

is "to prohibit the defendants, collectively acting in their official capacity to

form the Supreme Court of Florida, from admonishing, reprimanding,

suspending, disbarring or otherwise disciplining Locke because Locke was

denied due process, denied equal protection under the law and the Florida

Supreme Court's actions are in retaliation to Plaintiff's First Amendment

rights available to attorneys."  ECF No. 1 at 1-2.

**Standard of Review**

Defendants move to dismiss the complaint pursuant to Fed. R. Civ.

P. 12(b)(6).  ECF No. 32.  To state a claim, the complaint must allege

enough plausible facts to support the claim stated.  Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L. Ed. 2d 929 (2007).  "A

complaint is facially plausible when there is sufficient factual content to

allow 'the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678,

129 S. Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoted in Riddick v. United States, 832 F. App'x 607, 611 (11th Cir. 2020)).  The factual allegations must be "accepted as true," but legal conclusions couched as factual allegations are insufficient.  Ashcroft, 129 S. Ct. at 1949-50.  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 129 S. Ct. at 1949 (quotation omitted).  Thus, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal."  Davila v. Delta Air Lines, Inc., 326 F.3d 1183, 1185 (11th Cir. 2003).

One additional principle bears highlighting: a motion to dismiss does not test the truth of a complaint's factual allegations.  "Instead, it remains true, after Twombly and Iqbal as before, that 'federal courts and litigants must rely on summary judgment and control of discovery to weed out unmeritorious claims sooner rather than later.'" Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168-69 (1993) (quoted in Yawn v. Sec'y of Dep't of Corr., No. 5:13cv228-RH/EMT, 2017 WL 2691423, at *1 (N.D. Fla. June 21, 2017)).

**Analysis**

**A.    Rooker-Feldman**

Defendants first argue that this Court lacks subject matter jurisdiction to consider Plaintiff's claims pursuant to the *Rooker-Feldman* doctrine. ECF No. 32 at 2, 6-11.  Put simply, the doctrine prohibits a plaintiff from using federal district court "to review and reverse unfavorable state-court judgments."  In re Galvin, No. 21-10411, 2021 WL 5105819, at *1 (11th Cir. Nov. 3, 2021) (citing Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 283-84 (2005)).  The doctrine derives from two United States Supreme Court cases - Rooker v. Fidelity Trust Co. and District of Columbia Court of Appeals v. Feldman, - which held that a loser in state court may not challenge that judgment "in a federal district court because only the Supreme Court has appellate authority to reverse or modify a state-court judgment."  263 U.S. 413, 415–16 (1923) (cited in Galvin, 2021 WL 5105819, at *2).  District court "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States" pursuant to 28 U.S.C. § 1331, but that statute does not confer appellate jurisdiction.  Green v. Jefferson Cnty. Comm'n, 563 F.3d 1243, 1249 (11th Cir. 2009) (noting that 28 U.S.C. § 1257(a) gives jurisdiction to

Case No. 4:22cv116-AW-MAF

the United States Supreme Court to review "final judgments or decrees rendered by the highest court of a State in which a decision could be had")).  "The *Rooker-Feldman* doctrine applies only in a narrow set of 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" Exxon Mobil Corp., 544 U.S. at 284 (quoted in In re Hazan, 10 F.4th 1244, 1250 (11th Cir. 2021)); *see also* Uberoi v. Labarga, 769 F. App'x 692, 696 (11th Cir. 2019) (noting the Rooker-Feldman doctrine has been "repeatedly applied" to cases challenging actions of The Florida Bar and Florida Supreme Court).

For purposes of the *Rooker-Feldman* doctrine, "the relevant inquiry is whether the state court proceedings [had] ended . . . ." Nicholson v. Shafe, 558 F.3d 1266, 1277 (11th Cir. 2009) (holding that federal action was not barred under *Rooker-Feldman* because "the state court action continued in the appeals process in state court").  The doctrine should not be extended beyond its contours - that is, it must be confined "to instances where the state proceedings have ended, in line with both the *Rooker* and *Feldman* cases . . . ." Nicholson, 558 F.3d at 1278.

Here, Plaintiff's complaint alleged that the underlying case had not ended because he timely filed a motion for rehearing on the same day this case was initiated.  ECF No. 1 at 34.  Review of the Supreme Court order challenged states that the order is "[n]ot final until time expires to file motion for rehearing, and if filed, determined."  ECF No. 1-8 at 4.  Thus, it appears that an order had been entered by the Florida Supreme Court on March 16, 2022, but judgment had not.  Therefore, Plaintiff's case is not barred by *Rooker-Feldman* and the motion to dismiss should be denied as to that argument.

## B.    Eleventh Amendment Immunity

The Eleventh Amendment to the United States Constitution states: "The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI.  "The Amendment not only bars suits against a state by citizens of another state, but also bars suits against a state initiated by that state's own citizens."  Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health & Rehab. Servs., 225 F.3d

1208, 1219 (11th Cir. 2000) (citing Edelman v. Jordan, 415 U.S. 651, 663, 94 S.Ct. 1347, 1355, 39 L.Ed.2d 662 (1974)).

Defendants assert this case is barred by the Eleventh Amendment as they are sued in their official capacities.  ECF No. 32 at 11-12.  The motion to dismiss points out that the "prohibition applies in equal force regardless of whether the plaintiff seeks monetary or, as in this case, injunctive and declaratory relief."  *Id.* (citing Stevens v. Gay, 864 F.2d 113, 115 (11th Cir. 1989)).  The exception to the Eleventh Amendment bar is Ex Parte Young, but Defendants contend that does not apply because Plaintiff's request for relief "is retrospective in nature."  *Id.* at 13-14.  Defendants argue that Plaintiff is only seeking "to remedy alleged 'completed past wrongs' in his state court proceedings."  *Id.* at 15.

Plaintiff contends Eleventh Amendment immunity does not apply because he seeks "prospective injunctive relief" from Defendants in their official capacities only.  ECF No. 33 at 4.  He points out that in the "very first paragraph of the Complaint," he requested an injunction to prohibit the Defendants from "admonishing, reprimanding, suspending, disbarring or otherwise disciplining" him.  *Id.* at 5.  He contends that the use of "ing" with a verb "signals that the tense is addressing future conduct."  *Id.* at 6.

Further, he argues that his request is "to enjoin the Defendants from causing [him] harm that had not yet occurred." *Id.* Plaintiff states that he "had not yet been admonished, or reprimanded, or suspended, or disbarred, or sanctioned, or taxed costs or otherwise disciplined when the Complaint was filed because the state court proceeding was not yet final." *Id.* at 6-7.

Absent limited exceptions, the State of Florida and its agencies are immune from suit in this Court by force of the Eleventh Amendment. Carr v. City of Florence, Ala., 916 F.2d 1521, 1524 (11th Cir. 1990); *see also* Kentucky v. Graham, 473 U.S. 159, 169, 105 S.Ct. 3099, 3107, 87 L.Ed.2d 114 (1985) (reiterating that "absent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court."). That "bar remains in effect when State officials are sued for damages in their official capacity." Kentucky, 473 U.S. at 169, 105 S.Ct. at 3107; *see also* Odebrecht Const., Inc. v. Secretary, Fla. Dep't of Transp., 715 F.3d 1268, 1289 (11th Cir. 2013) (same). Thus, a suit under § 1983 against a state official sued in his or her official capacity is barred unless it meets one of three exceptions.

The first two exceptions are through a waiver of sovereign immunity. *See* Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 238, 105 S.Ct. 3142, 87 L. Ed. 2d 171 (1985); Gamble v. Florida Dep't of Health and Rehab. Servs., 779 F.2d 1509 (11th Cir. 1986).  Waiver may either be by the State or Congress.  Florida Prepaid Postsecondary Educ. Expense Bd. v. College Sav. Bank, 527 U.S. 627, 119 S. Ct. 2199, 2205-06, 144 L. Ed. 2d 575 (1999); Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 55, 116 S. Ct. 1114, 1124, 134 L. Ed. 2d 252 (1996) (concluding "that the type of relief sought is irrelevant to whether Congress has power to abrogate States' immunity.").  In enacting § 1983, Congress did not abrogate a state's immunity, Quern v. Jordan, 440 U.S. 332, 99 S.Ct. 1139, 59 L. Ed. 2d 358 (1979); Edelman v. Jordan, 415 U.S. 651, 94 S.Ct. 1347, 39 L. Ed. 2d 662 (1974), nor did Florida waive its Eleventh Amendment sovereign immunity and consent to suit in federal court under § 1983.  Gamble, 779 F.2d at 1520.

The third exception is through Ex Parte Young, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908).  *See* Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 269, 117 S. Ct. 2028, 138 L. Ed. 2d 438 (1997) (reaffirming that prospective relief may be sought against a state official in federal

court); <u>Sandoval v. Hagan</u>, 197 F.3d 484, 492 (11th Cir. 1999) (citing

<u>Summit Med. Assoc. v. Pryor</u>, 180 F.3d 1326, 1336-38 (11th Cir. 1999).

Under <u>Ex Parte Young</u>, a suit alleging a constitutional violation which is

brought against a state official in his official capacity does not violate the

Eleventh Amendment when seeking injunctive relief on a prospective basis.

<u>Grizzle v. Kemp</u>, 634 F.3d 1314, 1319 (11th Cir. 2011).  Even so, "any

injunctive remedy imposed upon defendants operating in their official

capacity must be 'designed to end a continuing violation of federal law....'"

<u>Papasan v. Allain</u>, 478 U.S. 265, 278, 106 S. Ct. 2932, 2940, 92 L. Ed. 2d

209 (1986) (quoted in <u>Thomas v. Devries</u>, 834 F. Supp. 398, 401 (M.D. Ga.

1993), *aff'd*, 36 F.3d 95 (11th Cir. 1994)).

   "In determining whether the doctrine of <u>Ex parte Young</u> avoids an

Eleventh Amendment bar to suit, a court need only conduct a 'straight-

forward inquiry into whether [the] complaint alleges an ongoing violation of

federal law and seeks relief properly characterized as prospective.'" <u>Idaho</u>

<u>v. Coeur d'Alene Tribe of Idaho</u>, 521 U.S. 261, 296, 117 S. Ct. 2028, 138 L.

Ed. 2d 438 (1997) (quoted in <u>Verizon Maryland, Inc. v. Pub. Serv. Comm'n</u>

<u>of Maryland</u>, 535 U.S. 635, 645, 122 S. Ct. 1753, 1760, 152 L. Ed. 2d 871

(2002)); <u>Fla. Ass'n of Rehab. Facilities, Inc. v. State of Fla. Dep't of Health</u>

& Rehab. Servs., 225 F.3d 1208, 1219 (11th Cir. 2000) (noting the availability of the Ex Parte Young doctrine turns "on whether the plaintiff seeks retrospective or prospective relief").

Here, Plaintiff clearly requested injunctive relief - to enjoin the Defendants "from enforcing the" March 1, 2022, Order and to declare it "null and void." ECF No. 1 at 35. The issue is whether it is prospective or retrospective in nature.

Plaintiff contends that by using words ending in "ing," he has shown that he is seeking to prevent future actions of "admonishing, reprimanding, suspending, disbarring or otherwise disciplining" him. *Id.* at 1. However, Plaintiff's desire to stop future harm does not mean that he has presented an "ongoing violation." For example, an employee who contends his employment is wrongfully terminated may be faced with ongoing harm and injury, but the "constitutional violation ended when plaintiff's employment was terminated." Thomas, 834 F. Supp. at 401; *but see* Elliott v. Hinds, 786 F.2d 298 (7th Cir. 1986) ("a pre-Papasan decision which held that wrongful discharge of a tenured employee is an ongoing violation").

Similarly, a disbarred attorney may file a complaint to seek prospective relief such as to "stop enforcement of all orders" entered in his

disciplinary proceedings.  Rosenberg v. Labarga, No. 17-21699-CV, 2017 WL 7803860, at *6 (S.D. Fla. Sept. 26, 2017).  Notwithstanding a party's characterization of such efforts, this Court agrees with the Southern District of Florida that such disciplinary "proceedings are not ongoing."  Rosenberg, 2017 WL 7803860, at *6 (finding that the proceedings "came to a definitive conclusion on April 15, 2016 when the Florida Supreme Court disbarred Rosenberg").

Plaintiff (similar to Mr. Rosenberg) claims the injunctive relief he seeks is "prospective because" Plaintiff is asking this Court "to prohibit future conduct of the Defendants . . . ."  ECF No. 33 at 6.  That "future conduct," however, is to ignore the past action - entry of a suspension order against Plaintiff on March 1, 2022.  ECF No. 1 at 32.  Illuminated in that light, Plaintiff's prospective relief is premised on undoing past harm, and that is the very essence of retrospective relief.  Plaintiff is not seeking to "prevent a continuing violation of federal law."  Green v. Mansour, 474 U.S. 64, 68, 106 S. Ct. 423, 426, 88 L. Ed. 2d 371 (1985).  Instead, he is seeking to undue a court order that was entered on March 1, 2022.  The ramifications of that order may be ongoing, but a challenge to a court order is not a "continuing" event.  Rosenberg, 2017 WL 7803860 at *6 (stating

that the decision to disbar Rosenberg was "'continuing' only in the sense that it continue[d] to have the force of law" and noting "if that were enough to satisfy <u>Young</u>, the distinction between past and ongoing violations would collapse").  Plaintiff's case is barred by the Eleventh Amendment.

One additional argument presented by Plaintiff should be addressed. In arguing that the Eleventh Amendment is inapplicable to this case, Plaintiff says he is asking this Court to "declare the March 1, 2022, Order null and void," and states that doing so is in line with precedent from the Fifth Circuit, which he points out "is binding precedent in the Eleventh Circuit."  ECF No. 33 at 4, 7.  Plaintiff relies on <u>Gresham Park Community Organization v. Howell</u>, 652 F.2d 1227, 1236 (5th Cir. Unit B Aug. 1981), to assert that "courts like this federal district court are to interpret Locke's request as praying for an injunction to enjoin its enforcement."  ECF No. 33 at 7; *see also* pg. 4.  Plaintiff's reliance on the <u>Gresham</u> decision is not helpful to his position.

First, the <u>Gresham</u> case does not address the Eleventh Amendment at all.  Thus it is irrelevant to the parties' argument on this issue because <u>Gresham</u> was primarily concerned with whether or not the abstention doctrine was appropriate.

Case No. 4:22cv116-AW-MAF

Second, the factual basis of <u>Gresham Park</u> was an effort to "enjoin enforcement of a state court injunction prohibiting" persons from picketing a liquor store. <u>Gresham Park Cmty. Org.</u>, 652 F.2d at 1230. The Fifth Circuit Court of Appeals held that the district court appropriately "held that the abstention doctrine compelled dismissal of the suit." 652 F.2d at 1230, 1248. However, <u>Gresham</u> was decided before the Supreme Court's decision in <u>District of Columbia Court of Appeals v. Feldman</u>, 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983), and the Eleventh Circuit later overruled <u>Gresham</u> in light of <u>Feldman</u>. <u>Wood v. Orange Cnty.</u>, 715 F.2d 1543, 1546 (11th Cir. 1983) (stating "<u>Gresham</u>'s limiting interpretation of <u>Rooker</u> was shortlived"); *see also* <u>Blue Cross & Blue Shield of Md., Inc. v. Weiner</u>, 868 F.2d 1550, 1556 (11th Cir. 1989) ("Relying on <u>Feldman</u> ... this court expressly abandoned <u>Gresham</u>'s restrictive interpretation of <u>Rooker</u>."). As the Eleventh Circuit explained:

> *Feldman* forthrightly reaffirms the validity of *Rooker*. It reminds the lower federal courts that, because federal review of state court decisions is entrusted solely to the Supreme Court, they may not decide federal issues that are raised in state proceedings and "inextricably intertwined" with the state court's judgment.

Wood, 715 F.2d at 1546 (citing to Feldman, 103 S. Ct. at 1316-17).  Thus,

Gresham is not helpful to Plaintiff's position because it was overruled and,

moreover, does not address Eleventh Amendment immunity.  Moreover,

the overruled Gresham decision must be understood as dealing with the

*Rooker-Feldman* doctrine, which Plaintiff already argued was inapplicable

to this case.  ECF No. 33 at 3.

Plaintiff is requesting both "declaratory and injunctive relief against

the state court proceedings" brought by The Florida Bar against him. ECF

No. 1 at 1.  Yet "[r]etroactive relief is barred by the Eleventh Amendment."

Price v. Univ. of Alabama, 318 F. Supp. 2d 1084, 1089 (N.D. Ala. 2003)

(citing Green v. Mansour, 474 U.S. 64, 69, 106 S.Ct. 423, 88 L.Ed.2d 371

(1985) and other cases).  The only way to prevent enforcement of the

suspension order entered by the Florida Supreme Court is to vacate the

order or - as Plaintiff presents it - to declare it "null and void."  ECF No. 1 at

35-43.  Because a federal district court lacks jurisdiction to conduct

appellate review of an order entered by Florida's highest court, this relief is

unavailable to Plaintiff.  Feldman, 460 U.S. at 486, 103 S. Ct. at 1317

(explaining that district courts lack jurisdiction over challenges to state court

decisions; review of such "decisions may be had only in" the United States

Supreme Court pursuant to 28 U.S.C. § 1257[7]).  Even if the decision of the

Florida Supreme Court was final when Plaintiff initiated this case, this Court

lacks authority to overturn it.  28 U.S.C. § 1257.  In any event, Plaintiff's

claims against the Defendants cannot proceed because Defendants have

Eleventh Amendment immunity and Plaintiff's requested relief is retroactive

only, not prospective.

In light of this conclusion, it is unnecessary to resolve Defendants'

assertion that the doctrine of judicial immunity provides another basis to

dismiss this case.  It is undisputed that a "judge enjoys absolute immunity

from suit for judicial acts performed within the jurisdiction of h[er] court."

McCullough v. Finley, 907 F.3d 1324, 1330 (11th Cir. 2018) (quoted in

Velasquez Andres v. Keyser, 777 F. App'x 392, 396 (11th Cir. 2019)).

Initially, the Supreme Court held in Pulliam v. Allen, 466 U.S. 522, 104 S.

Ct. 1970, 80 L. Ed. 2d 565 (1984), that judicial immunity did not bar

---

[7] That statute provides: "Final judgments or decrees rendered by the highest
court of a State in which a decision could be had, may be reviewed by the Supreme
Court by writ of certiorari where the validity of a treaty or statute of the United States is
drawn in question or where the validity of a statute of any State is drawn in question on
the ground of its being repugnant to the Constitution, treaties, or laws of the United
States, or where any title, right, privilege, or immunity is specially set up or claimed
under the Constitution or the treaties or statutes of, or any commission held or authority
exercised under, the United States."  28 U.S.C. § 1257(a).

Case No. 4:22cv116-AW-MAF

prospective relief[8] against a court judge sued under § 1983. <u>Courthouse News Serv. v. Forman</u>, No. 4:22cv106-MW/MAF, 2022 WL 1405907, at *6 (N.D. Fla. May 4, 2022). Congress responded to that decision by enacting "the Federal Courts Improvement Act ("FCIA"), Pub.L. No. 104–317, 110 Stat. 3847 (1996), in which it amended § 1983 to provide that 'injunctive relief shall not be granted' in an action brought against 'a judicial officer for an act or omission taken in such officer's judicial capacity ... unless a declaratory decree was violated or declaratory relief was unavailable.'" <u>Bolin v. Story</u>, 225 F.3d 1234, 1242 (11th Cir. 2000); see also <u>Velasquez Andres</u>, 777 F. App'x at 396). Here, there are no allegations that a declaratory decree was violated. However, Plaintiff contends that "declaratory relief was not available." ECF No. 33 at 7. Plaintiff has not explained how or why declaratory relief was not available to him when he was before the Florida Supreme Court; he only argues that declaratory relief is not available to him now. Nevertheless, it is not necessary to evaluate this unsupported argument because the Eleventh Amendment bars this case as Plaintiff is not seeking prospective relief.

_____

[8] As established in this Report and Recommendation, Plaintiff is not seeking prospective relief in this case. Rather, he is attempting to vacate a judicial order already entered.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that the motion to dismiss, ECF No. 32, be **GRANTED** and Plaintiff's complaint, ECF No. 1, be **DISMISSED** because this case is barred by Eleventh Amendment immunity.

**IN CHAMBERS** at Tallahassee, Florida, on September 26, 2022.

S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:22cv116-AW-MAF