IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**WENDELL TERRY LOCKE,**

   **Plaintiff,**

v.                                                                    Case No. 4:22-cv-116-AW-MAF

**CARLOS MUÑIZ, in his official capacity
as Chief Justice, Florida Supreme Court,
et al.,**

   **Defendants.**

_____/

## ORDER GRANTING MOTION TO DISMISS

The Florida Supreme Court entered an order suspending Plaintiff Wendell Terry Locke from the practice of law. Locke then sued the Florida Supreme Court Justices and Clerk of Court[1] in their official capacities. He seeks a declaration that the suspension order is "null and void in violation of 42 U.S.C. § 1983," as well as an injunction against Defendants from enforcing it. ECF No. 1 at 43.

Defendants moved to dismiss, asserting *Rooker-Feldman*, Eleventh Amendment immunity, and judicial immunity. The magistrate judge issued a report and recommendation concluding I should dismiss. ECF No. 38. The magistrate judge found *Rooker-Feldman* inapplicable, found that the Eleventh Amendment bars

---

[1] Locke originally sued former Chief Justice Charles Canady and the remaining Justices. *See* ECF No. 1. Since then, Justice Muñiz became Chief Justice and Justice Renatha Francis replaced Justice Lawson. The parties are substituted automatically. *See* Fed. R. Civ. P. 25(d).

1

Locke's claims, and found it unnecessary to resolve the judicial-immunity issue. Locke filed objections, which I have considered de novo.

At the outset, I accept the magistrate judge's conclusion that *Rooker-Feldman* does not apply. When Locke sued, his suspension order was not final. *See* ECF No. 1-8 at 4. "'[C]onfining the scope of the *Rooker-Feldman* doctrine to instances where the state proceedings have ended . . . ' heeds the Supreme Court's warning that the doctrine is limited." *Green v. Jefferson Cnty. Comm'n*, 563 F.3d 1243, 1250 (11th Cir. 2009) (quoting *Nicholson v. Shafe*, 558 F.3d 1266, 1278 (11th Cir. 2009)).

I next turn to the judicial-immunity issue, which the magistrate judge did not resolve. Section 1983 mandates that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. The Justices here are clearly judicial officers who act in that capacity when deciding disciplinary disputes and enforcing orders.[2] And

---

[2] As for Locke's request to enjoin the Clerk of Court from enforcing the suspension, there is no reason to believe "judicial officer" is restricted to only judges. *See Roth v. King*, 449 F.3d 1272, 1287 (D.C. Cir. 2006); *see also Daker v. Keaton*, 2021 WL 3556921, at *2-3 (11th Cir. Aug. 12, 2021). But Locke has not alleged facts showing that an injunction against the Clerk would redress his purported injuries. *See Whole Woman's Health v. Jackson*, 142 S. Ct. 522, 532 (2021) (reasoning an Article III case or controversy typically does not exist in actions against state court clerks). So Locke has not alleged facts to show standing, meaning the court lacks jurisdiction to consider claims against the Clerk.

Locke alleges no facts suggesting the Justices violated any decree or that declaratory relief was unavailable. *See Hoai v. Super. Ct. of D.C.*, 539 F. Supp. 2d 432, 435 (D.D.C. 2008) ("[A] failure to get one's desired decisions in our local courts does *not* constitute such 'unavailability.'" (citing *Roth v. King*, 449 F.3d 1272, 1286-87 (D.C. Cir. 2006)), *aff'd*, 344 F. App'x 620 (D.C. Cir. 2009). So § 1983 precludes injunctive relief.

The magistrate judge concluded that the injunctive relief Locke sought was retrospective relief, meaning the *Ex parte Young* exception to Eleventh Amendment immunity did not apply. *See* 209 U.S. 123 (1908). Locke takes issue with this conclusion, but because § 1983's text precludes injunctive relief here, I need not address that issue.

That leaves Locke's requested declaratory relief, which § 1983 does not explicitly bar. *See Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000); *Just. Network Inc. v. Craighead County*, 931 F.3d 753, 763 (8th Cir. 2019) ("[M]ost courts hold that . . . § 1983 does not bar declaratory relief against judges." (citations omitted)). But the Eleventh Amendment bars the claim unless Locke seeks "*prospective* equitable relief to end *continuing* violations of federal law." *Summit Med. Assocs., P.C. v. Pryor*, 180 F.3d 1326, 1336 (11th Cir. 1999) (citing *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 269 (1997)) (applying *Ex parte Young*). Here, Locke's request that this court "declar[e] the March 1, 2022 Order null and

void" is entirely retrospective. *See Just. Network Inc.*, 931 F.3d at 764 (holding that request for declaration invalidating judges' past acts was retrospective). The magistrate judge's conclusion on this point was correct.

Arguing otherwise, Locke says the magistrate refused to follow "law binding on this Court" from *Gresham Park Community Organization v. Howell*. ECF No. 39 at 3-4 (citing 652 F.2d 1227 (5th Cir. Unit B Aug. 10, 1981)). In that case, the former Fifth Circuit reasoned that when a complaint "asks a federal court to declare a state court judgment null and void, [the court] should consider this as praying for an injunction enjoining its enforcement." *Gresham Park*, 652 F.2d at 1236. Locke contends that when the Eleventh Circuit overruled *Gresham Park* in *Wood v. Orange County*, 715 F.2d 1543, 1546 (11th Cir. 1983), it left *Gresham Park*'s interpretive rule unscathed. But even if Locke were correct on this score, his objection would be self-defeating: if I must construe his request for a declaration that the suspension order is null and void as seeking *injunctive* relief, then the § 1983 exclusion of injunctive relief would preclude the claim.

Finally, even if Locke could overcome those immunity hurdles, he still would not be entitled to either injunctive or declaratory relief as a matter of right. Obtaining equitable relief requires "the absence of an adequate remedy at law." *Bolin*, 225 F.3d at 1242. Here, where Locke admittedly raised his federal constitutional claims in the state-court proceedings, ECF No. 1 ¶ 78, he had an adequate remedy at law once the

4

Florida Supreme Court rejected them—challenging the suspension order in the United States Supreme Court. *Cf. Bolin*, 225 F.3d at 1243 & n.7 (considering available U.S. Supreme Court review of criminal cases to be an adequate legal remedy). I would thus exercise my discretion to deny Locke's requested injunctive and declaratory relief.

Defendants' motion to dismiss (ECF No. 32) is GRANTED. The complaint (ECF No. 1) is DISMISSED. The report and recommendation (ECF No. 38) is ACCEPTED to the extent not inconsistent with this order, and Locke's objections to it (ECF No. 39) are OVERRULED.

The clerk will enter a judgment that says "Plaintiff's claims against John A. Tomasino, in his official capacity, are dismissed for lack of standing. Plaintiff's remaining claims are dismissed based on judicial immunity and Eleventh Amendment immunity." The clerk will then close the file.

SO ORDERED on October 28, 2022.

s/ *Allen Winsor*<br>United States District Judge